IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF RHODE ISLAND

HAKEEM PELUMI, : Case No.: C.A. No 08-85 ML

Plaintiff, : AMMENDED COMPLAINT

vs.

STATE OF RHODE-ISLAND, CITY OF PROVIDENCE, through its Treasurer, ~~Stephen T. Napolitano~~ FRANK CAPRIO PROVIDENCE POLICE DEPARTMENT; DEAN ESSERMAN as Chief of Providence Police Department; Officer CUTE, individually and in his official capacity,

Defendant

**COMPLAINT**

**A. JURISDICTION & PARTIES**

1. Jurisdiction is proper in this court according to 28 U.S.C 1343, 42 U.S.C. 1983 and 42 U.S.C. 1985, 28U.S.C 1391(a)(2) and(b)(2).

2. The Plaintiff, Hakeem Pelumi is a resident of Woonsocket, County of Providence, in the State of Rhode Island.

3. The Defendant, the City of Providence, is a duly authorized and organized municipality to the laws of the State of Rhode Island and is sued by and through its Treasurer, Stephen T. Napolitano.

4. The Defendant, the Providence Police Department, is a department of the City of Providence, located at One, Communications Place, Providence, Rhode Island.

5. Upon information and belief, Defendant Officer Cute is a citizen of the State of Rhode Island and, at all times pertinent hereto, was a member of the Providence Police Department. Defendant Cute is being sued individually and in his official capacity as a Providence police officer.

## B. FACTUAL BACKGROUND

6. On or about October 18, 2006, at approximately 2:00 p.m, the Plaintiff traveling eastbound on Broad Street, in Providence, had just been hit in his car on the right side by the rear view mirror.

7. Plaintiff, Hakeem Pelumi, immediately called Providence Police Department through 911 Emergency call through his cell phone to report the accident.

8. Upon arrival at the scene of the accident, Plaintiff, Hakeem Pelumi, narrated how and where the accident occurred since the other driver tried to flee the scene of accident, but finally pulled over a block away, Haskin Street, where Defendant Cute saw the car upon arrival at the scene. But the accident actually happened at the intersection of Broad Street by Wicham Street, which Plaintiff told the Defendant.

9. Plaintiff went to collect the Police report two weeks later as directed by the Defendant, and discovered that the report turned out to be False and not how or where the accident

actually occurred. Thereby, Defendant, Officer cute willfully or negligently lied on the police report with intent to cover up the accident as to exactly what really happened. This also constitutes "Obstruction of Justice".

10. Plaintiff immediately notified the internal affairs department of the Providence Police about the wrongdoing and also affirmed that justice will be sought to the extent permitted by law. Plaintiff also followed up with a written complaint of the wrongdoing and was delivered to the Providence Police Department as instructed by the internal division.

11. The Defendant, Providence Police Department, willfully, or negligently failed to investigate the incident and thus have no one to be pointed as responsible when Plaintiff went back to check the status of the Departments findings.

**C. CAUSE OF ACTION**

**Count 1**

**(Civil Rights Violation against Defendant Cute pursuant to 42 U.S.C. 1983**

12. The Plaintiff repeats and realleges Paragraphs 1 through 11 of the Complaint as if each had been more fully set forth herein.

13. The actions of the Defendant Cute were undertaken with the authority of the City of Providence Police Department, and under color of state law.

14. The actions of the Defendant Cute deprived the Plaintiff of his rights, privileges and immunities under the Fourteen

Amendment of the United States Constitution, causing him to be deprived of truth and justice meant for all citizens alike and subjected to unnecessary and unwarranted paint and injuries in seeking fair and proper justice. And further causing him both personal injury and economic harm.

**COUNT 11**

**(Civil Rights Violation against Defendants City of Providence, Providence Police Department pursuant to 42 U.S.C 1983) through**

15. The plaintiff repeats and realleges paragraph 1 through 14 of the Complaint as if each had been more fully set forth herein.

16. The actions of Defendant Cute were undertaken with the authority of the City of Providence Police Department, and under color of state law.

17. The actions of the Defendant deprived the Plaintiff of his rights, privileges and immunities under the Fourteen amendment of the United States Constitution, causing him to be deprived of his liberty, and further causing him both personal injury and economic harm.

**COUNT 111**

**( Civil Rights Violation against Defendants Cute and Jamie Coher pursuant to 42 U.S.C. 1985)**

18. The Plaintiff repeats and realleges Paragraph 1 through 17 of the Complaint as if each had been more fully set forth herein.

19. Defendants Cute and Coher, by their actions on October 18, 2006 and thereafter conspired to deprive the Plaintiff of the equal protection of the laws, and of the equal privileges and immunities under the law to which the Plaintiff was entitled under United States Constitution and Rhode Island Constitutions, all in violation of 42 U.S.C. 1985.

20. As a direct and proximate result of the conspiracy of the defendants, Plaintiff was deprived of his liberty, and suffered personal and economic injury.

**Count IV**

**(Civil Rights Violation against Defendant Cute Pursuant to Rhode Island State Law and the Rhode Island Constitution)**

21. The Plaintiff repeats and realleges Paragraph 1 through 20 of the Complaint as if each had been more fully set forth herein.

22. The actions of the Defendant Cute were undertaken with the authority of the City of Providence and the Providence Police Department, and under color of state law.

23. The actions of the defendant Cute deprived the Plaintiff of his rights, privileges and immunities under state law and the Rhode Island State Constitution, including without limitation the ability to be free from improper and unfair justice as guaranteed by Article 1, 6 of the state Constitution. As a direct and proximate result of the

unlawful actions of the Defendant, Plaintiff was caused to suffer both personal injury and economic harm.

### D. RELIEF REQUESTED

As a direct and proximate result of the Defendants civil rights violations and tortuous conduct, Plaintiff Hakeem Pelumi seeks the following relief:

A. A declaratory judgment that the Defendants, in the manner described herein, violated the civil rights of the Plaintiff.

B. Compensatory damages for Plaintiffs personal injuries, emotional distress, and economic harm.

C. Punitive damages against Defendant Cute for Perjury and making false statement on the Police report, thereby obstructing fair and proper justice; and

D. For such other and further relief as to this court may seem just and proper.

### E. DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a trial by jury on all counts so triable.

Dated this 11th day of April, 2008

182 CUMBERLAND STREET.
APT: 75
WOONSOCKET. RI. 02895
HAKEEM PELMI

# CHAIN OF EVENTS

**Date: 2/29/08**
**CC:** UNITED STATES DISTRICT COURT
**FROM:** PLAINTIFF. (HAKEEM PELUMI
**RE:** MOTOR VEHICLE ACCIDENT OF 10/18/06.

**10/18/06:** Traveling eastbound on Broad Street in Providence, Jamie Coher (State Farm Insured driver) came out of WICHAM Street, trying to join the traffic on Broad Street and "Failing To Yield the Right of Way", collided with my car: 1993 Volvo 850 GLT **BY THE REAR VIEW MIRROR ON THE PASSENGER SIDE..**

I immediately called 911 and reported the accident with my cell-phone. During the call, Defendants driver tried to flee the scene of accident by speeding away.
Jamie Coher then pulled over a block away (HASKIN Street) after getting caught in the traffic. And that was where the police found her car upon arrival at the scene.

**10/18/06:** I attended LANMARK HOSPITAL in Woonsocket where I was treated and released for my pains and injuries.

**10/27/06:** Police LIED ON THE POLICE REPORT, WILLFULLY GIVING FALSE ACCOUNT OF HOW AND WHERE THE ACCIDENT OCCOURED AND POINT OF IMPACT OF BOTH CARS.

**10/24/06:** My car assessed for visual damages at BERNIES AUTO in Woonsocket. RI

**10/24/06** Letter from. Progressive stating "You Do Not Have Any Rental Coverage" on your policy and that, Investigation is Still On-Going".

**11/06/06:** Appointment was arranged for Ms. Landry, the claim adjuster at the time. To meet me at the scene of the accident. s. Landry FAILED TO SHOW UP.
**R.I.G.L. Title 27. Chapter 27-9-1, subsection # 3.** (Failure to properly investigate the accident).

**11/08/06:** Ms. Landry came by my house and conducted damage assessment. She also took some statements regarding the accident.

**11/14/06:** Progressive letter stating "The company's determination of my 30% at fault. The decision was solely based on my statement, Claimant statement, and point of impact to each vehicle. A deal I refused to accept.

**11/15/06:** Letter from State Farm stating, "You recently advised us that you are not presenting a bodily injury claim for the accident". A FALSE CLAIM.

**4/30/07:** : Spoke with Gordon Hepworth regarding the status of my claim, Mr. Hepworth stated that they're not accepting any fault and will mail me a letter to Affirm State Farms decision on the matter

**5/01/07:** Noticing the Laxity and Inefficiency of Progressive's Claim adjuster handling this accident, State Farm Insurance then mailed me YET another letter stating "Completion of its investigation and found NO FAULT ON THEIR INSURED. And that I was the TORT FEASOR. And thereby NOT RESPONSIBLE FOR DAMAGES TO MY CAR.

**1/15/08:** A check of $ 226.90. Was received from Progressive as 70% of the total cost of damages and that I will be contacted after my deductible of $ 100.00 is collected from State Farm.

**2/15/08:** A check of $ 100.00 was received from Progressive and statement that the check represent my deductible collected from State Farm Insurance.

**2/22/08**: Progressive, through Christopher Gouin, was said to have been notified of State Farm's shift from the earlier; "Not Responsible For Damages to Now; 50% Fault". All without my knowledge. This I call **"DECEITFUL and BAD BUSINESS PRACTICES.**

**2/23/08:** A letter received from Progressive Insurance stating "Progressive has paid for my vehicle damage at 100% and reimbursed my deductible at 100%. "CONSIDERABLE & NOTICEABLE INCONSISTENCIES" in the mailing of both Progressive and State Farm Insurance companies.

**KEY QUESTIONS HERE ARE ;**

@: IS IT TRUE OF THE POLICE REPORT OFFICER CUTE MADE OF THE ACCIDENT ? THE ANSWER IS "NO"...

(b): DID OFFICER CUTE WILLFULLY LIED AND GAVE A FALSE ACCOUNT OF WHAT ACTUALLY HAPPENED ? THE ANSWER IS ARESOUNDING "YES"